IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOYCE M. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-882-GPM |
| | ) |
| MERCK & CO., INC., d/b/a MSD SHARP & | ) |
| DOHME GmbH d/b/a MERCK, SHARP & | ) |
| DOHME and WALGREEN CO., d/b/a | ) |
| WALGREENS, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This matter is before the Court on the motion for remand brought by Plaintiff Joyce M. Smith (Doc. 9). For the following reasons, the motion is **GRANTED**.

Smith originally filed this action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, alleging personal injuries as the proximate result of ingesting Vioxx, a prescription pain medication. She asserts claims for strict products liability, negligence, breach of express and implied warranty, common-law fraud, negligent misrepresentation, and consumer fraud against Defendant Merck & Co., Inc. ("Merck"), the manufacturer of Vioxx. Also, Smith asserts claims for strict products liability, negligence, and breach of express and implied warranty against Defendant Walgreen Co. ("Walgreens") in connection with prescriptions for Vioxx that Walgreens filled for her. Merck effected timely removal of the case from state court to this Court, alleging the existence of federal subject matter jurisdiction in diversity. Smith in turn has requested remand of this case to Illinois state court for lack of subject matter jurisdiction. Smith's motion for remand has

been fully briefed and is ripe for decision.[1]

Under 28 U.S.C. § 1441, a defendant may remove from state court to federal court any action that could have been filed originally in federal court. *See Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *1 (S.D. Ill. Nov. 22, 2006). A federal court may exercise subject matter jurisdiction in diversity over an action in which all of the parties are of diverse state citizenship and an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332; *In re General Motors Corp. Dex-Cool*, No. Civ. MDL-03-1562-GPM, Civ. 05-10008-GPM, 2006 WL 2818773, at *6 (S.D. Ill. Sept. 27, 2006). The familiar rule of complete diversity requires that, in most instances, for a federal court to exercise jurisdiction in diversity no plaintiff may be a citizen of the same state as any defendant. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)); *F. & H.R. Farman-Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co.*, 882 F.2d 281, 284 (7th Cir. 1989); *Lyerla v. Amco Ins. Co.*, No. CIV. 06-679-GPM, 2006 WL 3360505, at *1 (S.D. Ill. Sept. 27, 2006); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006).

In this case, diversity of citizenship is not complete because, though Smith is an Illinois citizen and Merck is a New Jersey citizen, Walgreens is, like Smith, an Illinois citizen. *See* 28 U.S.C. § 1332(c)(1) (setting out the prerequisites of corporate citizenship for diversity purposes); *Kitson*, 2006 WL 3392752, at *6 (discussing the prerequisites of citizenship of natural persons for diversity purposes); *Cassens*, 430 F. Supp. 2d at 833 (same). Merck asserts that Walgreens has been fraudulently joined to defeat diversity jurisdiction because Smith has no possibility of establishing

---

1. The Court, in its discretion, declines to grant Merck's request for a stay of these proceedings pending transfer of this case to a multidistrict litigation proceeding. *See George v. Kraft Foods Global, Inc.*, No. 06-cv-798-DRH, 2006 WL 3842169, at *1 (S.D. Ill. Dec. 22, 2006).

a cause of action against Walgreens in Illinois state court. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *Bavone v. Eli Lilly & Co.*, Civil No. 06-153-GPM, 2006 WL 1096280, at *2 (S.D. Ill. Apr. 25, 2006). Specifically, Merck contends that Smith's claims against Walgreens for strict products liability and negligence are barred under Illinois law by the "learned intermediary" doctrine, and that Smith's claim against Walgreens for breach of warranty is not viable because a sale of prescription medication is not a sale of "goods" within the meaning of Article 2 of the Illinois Uniform Commercial Code ("Illinois UCC"). The Court will address each of these contentions in turn.

The "learned intermediary" doctrine provides generally, of course, that when a manufacturer of a prescription drug has given adequate notice of the drug's known harmful propensities to a plaintiff's prescribing physician, the manufacturer and others in the drug's chain of distribution, such as pharmacists, are relieved of liability for harm caused by the drug. *See Riddle v. Merck & Co.*, Civil No. 06-172-GPM, 2006 WL 1064070, at *3 (S.D. Ill. Apr. 21, 2006) (applying Illinois law); *Hansen v. Baxter Healthcare Corp.*, 764 N.E.2d 35, 42-43 (Ill. 2002); *Kirk v. Michael Reese Hosp. & Med. Ctr.*, 513 N.E.2d 387, 392-93 (Ill. 1987); *Proctor v. Davis*, 682 N.E.2d 1203, 1211 (Ill. App. Ct. 1997); *Leesley v. West*, 518 N.E.2d 758, 761-62 (Ill. App. Ct. 1988); *Mahr v. G.D. Searle & Co.*, 390 N.E.2d 1214, 1229-30 (Ill. App. Ct. 1979). The Court specifically has held in numerous other actions involving alleged personal injuries caused by Vioxx that the learned intermediary doctrine is a case-dispositive defense common to diverse and non-diverse defendants that cannot be asserted as a basis for fraudulent joinder. *See, e.g., Nicol v. Merck & Co.*, No. 06-926-GPM, 2006 WL 3804887, at *2 (S.D. Ill. Dec. 22, 2006); *Mannings v. Merck & Co.*,

No. 06-634 GPM, 2006 WL 3366457, at *1 (S.D. Ill. Oct. 12, 2006); *Hardaway v. Merck & Co.*, Civil No. 06-465-GPM, 2006 WL 2349965, at *2 (S.D. Ill. Aug. 11, 2006); *Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 998-1006 (S.D. Ill. 2006).  As the Court explained in *Brooks*,

> Under Illinois law, the learned intermediary doctrine is fundamentally a device for shifting liability for harm caused by a product, such as a prescription drug, onto doctors and away from others in the product's chain of distribution.
>
> * * * *
>
> Once a manufacturer has given adequate warning of the known dangerous propensities of a prescription drug, a physician's decision to prescribe the drug becomes an issue of the physician's reasonable exercise of professional judgment.

443 F. Supp. 2d at 999.

Accordingly, in this case, as in *Brooks*, "[i]f the Court holds that Merck gave adequate warning to physicians, thus absolving Walgreens of liability, Merck is absolved of liability as well.  Thus, the learned intermediary doctrine clearly is an issue that goes not to the Court's jurisdiction but to the merits of Plaintiff's claims for relief."  443 F. Supp. 2d at 1003.  *See also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 932-41 (S.D. Ill. 2006) (rejecting allegations of fraudulent joinder premised on grounds equally dispositive of the liability of diverse and non-diverse defendants alike); *Hauck v. ConocoPhillips Co.*, Civil No. 06-135-GPM, 2006 WL 1596826, at **5-9 (S.D. Ill. June 6, 2006) (same); *Simmons v. Norfolk S. Ry. Co.*, 324 F. Supp. 2d 914, 916-17 (S.D. Ill. 2004) (same).  *Cf. Klohr v. Martin & Bayley, Inc.*, Civil No. 05-456-GPM, 2006 WL 1207141, at *3 (S.D. Ill. May 4, 2006) (in a case removed under 28 U.S.C. § 1452, noting that joinder of a diverse defendant would not permit the exercise of diversity jurisdiction on the grounds that the non-diverse defendant named in the case was fraudulently joined because the plaintiffs' misrepresentation claims were not cognizable under the Illinois consumer fraud statute: "[T]he

Court could not find fraudulent joinder on the basis of a defense equally applicable as between [the diverse defendant] and [the non-diverse defendant]."); *McNichols v. Johnson & Johnson*, No. CIV. 06-160-GPM, 2006 WL 3360542, at *2 (S.D. Ill. Apr. 19, 2006) (expressing "skeptic[ism]" about the propriety of a claim of fraudulent joinder based on the learned intermediary doctrine because the defense "implicate[d] issues about foreseeability and causation germane to the liability of both the [diverse defendants] and [the non-diverse defendant]" in the case).

"To show fraudulent joinder, defendants must show a flaw specific to the joinder of the non-diverse party, which is the jurisdictionally relevant aspect of the claim." *Nicol*, 2006 WL 3804887, at *2. In this instance Merck asserts no flaw specific to the joinder of Walgreens and instead merely raises a defense equally dispositive of Smith's claims for relief against both Merck and Walgreens. However, "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court." *Brooks*, 443 F. Supp. 2d at 1002 (quoting *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 113 (3$^d$ Cir. 1990)). Merck's allegations of fraudulent joinder are merely an assertion that Smith's case "[is] ill founded as to all the defendants," and therefore those allegations must be rejected. *Id.* (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 153 (1914)). *See also McNichols*, 2006 WL 3360542, at *2 (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004)) (noting that, if a finding of fraudulent joinder as to a non-diverse defendant will have law-of-the-case effect as to the liability of diverse defendants, "the 'jurisdictional' issue is in fact a challenge to the merits of a plaintiff's claim for relief that must be resolved in state court."); *Davila v. American Home Prods. Corp.*, No.

Civ. EP-03-CA-279(KC), 2004 WL 557176, at *4 (W.D. Tex. Feb. 3, 2004) (citing *Cockrell*, 232 U.S. at 153) (rejecting a claim of fraudulent joinder based on a defense of preemption of state law by federal law where the "issue pervade[d] the merits of the case" and was not "limited to the defendants claimed to have been fraudulently joined.").

Finally, although the Court is not required to reach the issue because it has concluded that Smith has viable claims for strict products liability and negligence against Walgreens, the Court rejects Merck's contention that Smith has no viable claim against Walgreens for breach of warranty because a sale of prescription medication is not a sale of "goods" within the meaning of Article 2 of the Illinois UCC, governing contracts for sales of goods. *See* 810 ILCS 5/2-102 (Article 2 of the Illinois UCC "applies to transactions in goods."); 810 ILCS 5/1-103 (stating that "particular provisions" of the Illinois UCC "displace[ ]" the common law of contracts). The Court regards as misplaced Merck's reliance upon *Brandt v. Boston Scientific Corp.*, 792 N.E.2d 296 (Ill. 2003), in which the Supreme Court of Illinois held that a contract involving the sale and surgical implantation of a pubovaginal sling to treat incontinence was a transaction predominantly for medical services, not goods. *See id*. at 303-04. As the Court has observed on prior occasions, the applicability of the holding in *Brandt* to facts like those presented by this case is very uncertain. *See Riddle*, 2006 WL 1064070, at **5-6; *Rabe v. Merck & Co.*, No. Civ. 05-363-GPM, Civ. 05-378-GPM, 2005 WL 2094741, at *2 (S.D. Ill. Aug. 25, 2005). In fact, case law from the higher state courts of Illinois holds clearly that a sale of prescription medication is within the scope of the Illinois UCC.

For example, in *Berry v. G.D. Searle & Co.*, 309 N.E.2d 550 (Ill. 1974), a case involving personal injuries allegedly caused by a prescription contraceptive, the court stated that the provisions of the Illinois UCC "clearly demonstrate the legislative intent to create a statutory cause of action

for breach of implied warranty to afford consumer protection to those who sustain personal injuries resulting from product deficiencies." *Id*. at 553. Similarly, in *Woodill v. Parke Davis & Co.*, 374 N.E.2d 683 (Ill. App. Ct. 1978), a case arising from injuries to a child allegedly caused by the administration of a prescription drug to the child's mother as an obstetrical patient, the court specifically held that the plaintiffs stated a claim for breach of implied warranties against the manufacturer of the drug. *See id*. at 688-89. On review of the decision of the Appellate Court of Illinois in *Woodill*, the Illinois Supreme Court adopted in its entirety the reasoning of the Illinois Appellate Court with respect to the breach of warranty claim. *See Woodill v. Parke Davis & Co.*, 402 N.E.2d 194, 200 (Ill. 1980). Whether the transactions at issue in the case at bar involve a sale of goods for purposes of the Illinois UCC plainly is, at best, an ambiguous question of Illinois law, if it has not been decided in Smith's favor already by *Berry* and *Woodill*.[2]

The Court need not reach an ultimate decision as to whether a sale of prescription medication is a sale of goods under the Illinois UCC. "In evaluating fraudulent joinder claims, [a court] must … resolve all … ambiguities in the controlling state law in favor of the non-removing party." *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 850 n.1 (S.D. Ill. 2006). Thus, "[i]f 'intricate

---

2. The Court attributes no significance to the fact that the defendants in *Berry* and *Woodill* were not pharmacists but manufacturers of prescription drugs. It is well-settled that "[a] breach of implied warranty theory is a form of strict liability without the necessity of proving negligence or fault on the part of the defendant" and that "[t]he strict liability theory is essentially the liability of implied warranty divested of the contract doctrines of privity, disclaimer and notice." *Garcia v. Edgewater Hosp.*, 613 N.E.2d 1243, 1249 (Ill. App. Ct. 1993). In fact, "implied warranties give a buyer of goods a potential cause of action only against his immediate seller," *Mekertichian v. Mercedes-Benz U.S.A., L.L.C.*, 807 N.E.2d 1165, 1168 (Ill. App. Ct. 2004), although in cases involving personal injuries, of course, a consumer can reach past a retailer to a manufacturer of a defective product. *See Thomas v. Bombardier-Rotax Motorenfabrik, GmbH*, 869 F. Supp. 551, 556-57 (N.D. Ill. 1994) (applying Illinois law). In short, had the plaintiffs in *Berry* and *Woodill* chosen to sue lower in the chain of distribution of the drugs that allegedly injured them, they could have done so.

analysis of state law' is needed to dismiss [a] claim [on the basis of fraudulent joinder], the claim may not be disregarded for purposes of diversity jurisdiction." *Id*. (quoting *Polson v. Cottrell, Inc.*, No. 04-CV-822-DRH, 2005 WL 1168365, at *1 (S.D. Ill. May 17, 2005)). *See also Bova*, 446 F. Supp. 2d at 934 n.3 (noting that a federal court's "ability to craft novel interpretations of [state] law is limited, particularly in the context of evaluating a claim of fraudulent joinder, where novel issues of state law are to be resolved in favor of remand.") (citations omitted); *McNichols*, 2006 WL 3360542, at *5 (citing *Poulos*, 959 F.2d at 73) ("[I]n evaluating fraudulent joinder the Court is required to construe issues of state law in the light most favorable to [the plaintiff]."). *Cf. Kuntz v. Illinois Cent. R.R. Co.*, Civil No. 06-554-GPM, 2007 WL 54038, at *12 (S.D. Ill. Jan. 5, 2007) (noting that "virtually all matters bearing on the subject matter jurisdiction of federal courts … [are] to be construed narrowly."). The Court resolves the question of whether a sale of prescription medication is a sale of goods within the meaning of the Illinois UCC against Merck and in favor of remand, holding that Smith has a viable claim for breach of express and implied warranty against Walgreens.

To conclude, Merck's motion for a stay (Doc. 4) is **DENIED**. Smith's motion for remand (Doc. 9) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: 1/12/07

                                                s/ *G. Patrick Murphy*
                                                G. PATRICK MURPHY
                                                Chief United States District Judge